UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RENIL ESCOBARRIVERA (#573215)**             **CIVIL ACTION NO.**

**VERSUS**                                                                **19-498-BAJ-EWD**

**DARRELL VANNOY, ET AL.**

## ORDER

Before the Court is a Motion to Reconsider the Appointment of Counsel[1] and a Motion to Appoint Counsel,[2] filed by Renil Escobarrivera ("Plaintiff"). Both Motions effectively request that this Court reconsider its prior Order denying Plaintiff's request for appointment of counsel.[3] Plaintiff has not advanced any new substantive arguments in these Motions, and, as previously stated by this Court in record document 8:

> Plaintiff specifically complains that he is a native Spanish speaker who can "barely" read, write, or speak English.[4] Although Plaintiff argues that he will not be able to prosecute this claim because of his limited ability to read, write or speak English, Plaintiff has adequately explained the factual basis for his claim in his Complaint, and this pleading reflects that Plaintiff understands the proceedings and can address the issues presented.
>
> ***
>
> In affirming a district court decision to dismiss a claim similar to Plaintiff's as frivolous, the United States Court of Appeal for the Fifth Circuit noted that plaintiffs do not enjoy the automatic right to the appointment of counsel for prosecuting claims in the district court and observed that the plaintiff, in that matter, had bilingual assistance from other inmates, such that the plaintiff could not specifically show how the language barrier hindered him for prosecuting his case.[5] To the extent Plaintiff argues his inability to

---

[1] R. Doc. 9.
[2] R. Doc. 33.
[3] R. Doc. 8.
[4] R. Doc. 3.
[5] *Sanchez v. Stephens*, 689 Fed. Appx. 797 (5th Cir. 2017).

>read, speak and write English, Plaintiff also appears to have received
>assistance drafting his pleadings in English.

Plaintiff still argues that he has an "inability to read, speak or write, the English language" and a lack of education.[6] As stated above, the United States Court of Appeals for the Fifth Circuit has already found that language limitations do not warrant the appointment of counsel where the plaintiff is receiving adequate assistance filing his pleadings in English. Further, though Plaintiff has only a sixth grade education, the Fifth Circuit has also held that a lack of formal education is not a sufficient reason to appoint counsel.[7] While it has also been alleged that the inmate assisting Plaintiff has been moved to a different cell,[8] that inmate continues to assist Plaintiff, as evidenced by the latest filings in this matter.[9] Finally, it has been recommended that a Motion to Dismiss filed on behalf of James LeBlanc, Darrell Vannoy, Joseph Lamartinaire, and Tim Delaney be denied in part.[10] Plaintiff has also submitted discovery requests;[11] filed a motion to compel,[12] which was granted;[13] filed an amended complaint;[14] and appealed a ruling granting defendants' motion to extend discovery deadlines.[15] This reinforces that Plaintiff is capable of litigating his claims at this point. Accordingly,

---

[6] R. Docs. 9, p. 1; 33, p. 1. The fact that Plaintiff may have been appointed counsel "for his criminal trial due to inability to speak, read or write in the English language," (R. Doc. 33, p. 2) is not determinative of whether Plaintiff is entitled to counsel to prosecute this civil case.

[7] *See Knight v. Ybarra*, 45 Fed. Appx. 319 (5th Cir. 2002) (affirming denial of appointment of counsel because the plaintiff "failed to show that he was unable to represent himself adequately considering all the circumstances surrounding his case.")

[8] R. Docs. 9 & 33.

[9] *See* R. Docs. 33 & 34.

[10] R. Doc. 35.

[11] R. Docs. 21 & 22.

[12] R. Doc. 23.

[13] R. Doc. 27.

[14] R. Doc. 26.

[15] R. Doc. 34.

**IT IS ORDERED** that Plaintiff's Motion to Reconsider the Appointment of Counsel[16] and Motion to Appoint Counsel[17] are **DENIED**.

Signed in Baton Rouge, Louisiana, on May 7, 2020.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 9.
[17] R. Doc. 33.