UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RENIL ESCOBARRIVERA**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**DARRELL VANNOY, ET AL.**　　　　　　　　　　**NO. 19-00498-BAJ-EWD**

### RULING AND ORDER

Before the Court are two cross-motions for summary judgment, which, collectively, seek disposition of Plaintiff's claims that his ongoing assignment to Close Custody Restriction ("CCR")—*i.e.*, segregated confinement—violates his constitutional right to due process. (Docs. 51, 52). Also before the Court is Defendant Antonio Whitaker's Motion To Dismiss Pursuant To FRCP Rule 4(m) (Doc. 40), seeking dismissal of Plaintiff's retaliation claim against Defendant Whitaker *only*, on the basis that Plaintiff has failed to properly serve Whitaker. Each motion is opposed (*see* Docs. 45, 55, 57), and the parties have also submitted reply memoranda in further support of their respective positions (*see* Docs. 57, 58, 59).

On February 24, 2021, the Magistrate Judge issued a Report and Recommendation (Doc. 60), recommending that summary judgment be granted in Defendants' favor on Plaintiff's due process claim. Specifically, the Magistrate Judge determined that qualified immunity shields Defendants from liability because Plaintiff cannot prove that his continued assignment to CCR violates a clearly established constitutional right. In relevant part, the Magistrate Judge explained:

> The law regarding due process with respect to segregated confinement is murky, and Plaintiff's confinement in CCR (just over three years) is past the length of time that has been held to be clearly constitutional in the Fifth Circuit but has not been long enough such that a due process violation is likely implicated. Specifically, "the Fifth Circuit has concluded that restrictive placements of less than two-and-a-half years do not implicate due process and that placements of more than five years likely do."

(Doc. 60 at 7 (citing *Bailey v. Fisher*, 647 F. App'x 472, 475–76 (5th Cir. 2016); *Hernandez v. Abbott*, No. 17-23, 2020 WL 5539093, at *12 (E.D. Tex. Aug. 24, 2020), *report and recommendation adopted*, No. 17-23, 2020 WL 5534522 (E.D. Tex. Sept. 15, 2020)).

The Magistrate Judge's Report further recommends that Plaintiff's claims for violations of equal protection, and for retaliation against Defendant Whitaker, be dismissed *sua sponte* as frivolous under 28 U.S.C. §§ 1915(e) and 1915A. (Doc. 60 at 11-17).

Finally, having addressed the underlying merits of Plaintiff's claims, the Magistrate Judge recommends that Defendant Whitaker's request to dismiss for insufficient service be denied as moot. (*Id.* at 17).

On March 8, 2021, Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation (Doc. 62).

Having carefully considered the Magistrate Judge's Report and Recommendation, the parties' motions, and related filings—including Plaintiff's objections—the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Plaintiff's objections to the Magistrate Judge's Report lack merit. Without belaboring the point, the Court agrees with the Magistrate Judge's conclusion that, based on the facts presented, Plaintiff cannot show that his continued assignment to CCR violates a clearly established constitutional right. The U.S. Fifth Circuit Court of Appeals has stated unequivocally that a term of "eight years in [segregated] custody, with no prospect of immediate release in the near future, is 'atypical' in relation to the ordinary incidents of prison life," *Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014) (quoting *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)), and indicated that a term of five years in segregated custody *likely* implicates a protected liberty interest, *see Bailey v. Fisher*, 647 F. App'x 472, 477 (5th Cir. 2016). By contrast, the Fifth Circuit has also instructed that a duration in segregated confinement of up to two and one-half years "does *not* give rise to a liberty interest." *Wilkerson*, 774 F.3d at 855 (emphasis added). Plaintiff's assignment to CCR—now approaching three and one-half years—falls in between the two and one-half year mark (no liberty interest), and the five year mark (possibly a liberty interest). The lack of clear guidance regarding terms equivalent to Plaintiff's term is dispositive, and entitles Defendants to qualified immunity, as explained in the Magistrate Judge's Report. (*See* Doc. 60 at 11 ("The law is not clearly established that Plaintiff's continued confinement in CCR has given rise to a liberty interest, so any right to due process that could have been infringed by Defendants was not clearly established either."))

The Court further agrees that Plaintiff has failed to state a plausible class-of-one equal protection claim, or a plausible retaliation claim against Defendant Whitaker.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**, and that Plaintiff's claims against Defendants Tim Delaney, Joseph LaMartinaire, and Darrell Vannoy are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for violations of equal protection, as well as his claims against Antonio Whitaker for retaliation are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that Defendant Antonio Whitaker's Motion to Dismiss (Doc. 40) is **DENIED AS MOOT**.

Having disposed of all claims in Defendants' favor, the Court will separately issue a final judgment dismissing Plaintiff's action with prejudice.

Baton Rouge, Louisiana, this 12th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**